UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN M. VINCENT,

                Petitioner,                **REPORT AND RECOMMENDATION**
                                                                                                                                                                           No. 07-CV-6007(DGL)(VEB)

      -vs-

WILLIAM LAPE, Superintendent, Marcy
Correctional Facility, and Commissioner
WILLIAM S. GOORD, New York State
Department of Correctional Services,

                Respondent.
_____

**I.     Introduction**

       Shawn Vincent ("Vincent" or "petitioner") has filed a *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus alleging that he is incarcerated pursuant to a state-court sentence imposed in violation of his federal constitutional rights. This matter has been referred to the undersigned for, *inter alia*, the issuance of reports and recommendations on any dispositive motions. Presently before the Court is respondent's motion to dismiss the petition on the grounds that it is untimely under 28 U.S.C. § 2244(d).

**II.    Factual Background and Procedural History**

       Petitioner's state custody arises from a judgment of conviction entered on September 17, 2001, in New York State County Court, Chautauqua County, convicting him, following a guilty plea, of Attempted Burglary in the Second Degree (N.Y. Penal Law §§ 110, 140.25(2)). Petitioner was sentenced, as a predicate felon, to a negotiated sentence of a determinate term of five years in prison. On May 2, 2003, the Appellate Division, Fourth Department, unanimously

affirmed the judgment of conviction, and on July 22, 2003, the New York Court of Appeals denied petitioner's application for leave to appeal. *People v. Vincent*, 305 A.D.2d 1108 (App. Div. 4th Dept.); *lv. denied*, 100 N.Y.2d 588 (N.Y. 2003).

After sentencing, petitioner filed a *pro se* motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10, arguing that at the time of his guilty plea, he was ignorant of the mandatory period of post-release supervision required by N.Y. Penal Law § 70.45(2). In a decision dated December 8, 2003, the County Court denied the motion. *See* Respondent's Exhibit ("Resp't Ex.") I. The trial court found that the motion was "without merit" because a three-year post-release supervision period was statutorily required by Penal Law § 70.45, and the post-release supervision period was not "hidden" from petitioner. *See* Resp't Ex. I at 1. The court noted that the three-year period was "mandated by law unless the court at the time of sentencing elects to impose a lesser period," which the court did not do in Vincent's case. As a result, petitioner was required to serve the statutorily-mandated three-year term. *Id.* According to the Appellate Division, Fourth Department, petitioner did not seek leave to appeal the denial of his C.P.L. § 440.10 motion to vacate.

On January 8, 2007, petitioner filed in this Court a *pro se* habeas corpus petition dated November 21, 2006.[1] In his habeas petition, petitioner argues that the County Court improperly failed to inform him of the mandatory five-year term of post-release supervision at the time he

---

[1] Pursuant to the prison mailbox rule, the Court finds that Vincent's petition should be deemed filed on November 21, 2006. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that with respect to pro se and incarcerated habeas petitioners, the "mailbox rule" applies–that is, the petition is deemed filed on the date it is given to correctional authorities for mailing to the court); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir.), *cert. denied*, 534 U.S. 886 (2001). As respondent notes, there is a more than one-month time delay between the date on the petition and the date it was actually received by this Court, which raises some doubts as to whether petitioner actually delivered the petition for mailing on November 21, 2006. However, respondent has agreed to utilize this date because the delay between November 21, 2006, and January 8, 2007, does not change the timeliness analysis.

entered the guilty plea, rendering his plea unknowing and involuntary. *See* Petition ("Pet.") at 2-3 (Docket No. 1). He appears to say that, if he had known about the mandatory term of post-release supervision, he would not have entered the plea. Pet. at 3 (Docket No. 1). Vincent also states that he first learned of the mandatory post-release supervision term when he went to see his prison counselor upon his initial arrival at the Elmira Correctional Facility. Pet. at 2 (Docket No. 1).

Respondent has filed a pre-answer motion to dismiss pursuant to Rule 4(a) of the Federal Rules of Civil Procedure arguing that petitioner's habeas petition is time-barred by the one-year statute of limitations imposed by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d)(1), and that the one claim that he raises is unexhausted because he failed to seek leave to appeal to the Appellate Division following the denial of his C.P.L. § 440.10 motion by the County Court. Vincent filed opposition papers to respondent's motion, but he wholly failed to address the timeliness issue, instead arguing that respondent's motion to dismiss has "nothing to do" with his habeas petition. Vincent also claims that respondent has mischaracterized his claim and asserts that he is not arguing the involuntariness of his plea but rather that his sentence was illegal because he was not informed of the mandatory period of post-release supervision.

For the reasons set forth below, the Court finds that Vincent's habeas corpus petition is untimely and recommends dismissal of it on that basis.

**III.   Discussion**

    **A.   Timeliness**

Pursuant to AEDPA, a petition for a writ of habeas corpus must be filed within a one-year statute of limitations period, which begins to run from the latest of four dates, including "the date

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C.§ 2244(d)(1)(A). Petitioner's *pro se* habeas petition, deemed to have been filed on November 21, 2006, is nearly two years untimely.

The date on which a petitioner's judgment of conviction became final, *see* 28 U.S.C. § 2244(d)(1)(A), ordinarily is the date on which AEDPA's statute of limitations period begins to run. In Vincent's case, on July 22, 2003, the Court of Appeals denied his application for leave to appeal from the Appellate Division's unanimous affirmance of his conviction. *People v. Vincent*, 100 N.Y.2d 588, *supra*. *See* Resp't Ex. H. His conviction therefore became final ninety (90) days later, on October 20, 2003, the date his time to file a petition seeking a writ of *certiorari* from the United States Supreme Court expired. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001). Not taking into account statutory tolling, petitioner therefore had one year–until October 20, 2004–to timely file his habeas petition in the district court.

AEDPA's one-year limitations period is, however, statutorily tolled during the pendency of a properly-filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2); *see Acosta v. Artuz*, 221 F.3d 117, 119 (2d Cir. 2000). Here, Vincent's C.P.L. § 440.10 motion to vacate the conviction was dated September 23, 2003,[2] *prior* to the date his conviction became final–and the statute of limitations began to run–on October 20, 2003. Where, as here, a collateral motion

---

[2] The Second Circuit has held that the prison mailbox rule applies to state petitions for a writ of error *coram nobis* in determining whether they are "properly filed" under 28 U.S.C. § 2244(d)(2) for purposes of tolling the AEDPA statute of limitations. *Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005). Respondent cites authority from this Circuit holding that the prison mailbox rule also applies to the filing of C.P.L. § 440.10 motions to vacate the judgment. *See King v. Cunningham*, 442 F. Supp.2d 171, 180 (S.D.N.Y. 2006) (applying prison mailbox rule to determine date of petitioner's filing of C.P.L. § 440 motion to vacate in state court); *Foster v. Phillips*, No. 03-CV-3629, 2005 U.S. Dist. LEXIS 26823, at *2, n. 1 (S.D.N.Y. Nov. 3, 2005) (same); *Belot v. Burge*, No. 03-CV-1478, 2005 U.S. Dist. LEXIS 45386, at *16-18 (S.D.N.Y. June 24, 2005) (finding that the Second Circuit's holding in *Fernandez* that the prison mailbox rule applies to coram nobis petitions should apply equally to C.P.L. § 440 motions to vacate).

attacking the judgment is filed in state court prior to the petitioner's conviction becoming final, the statutory tolling period under § 2244(d)(2) still begins when the conviction becomes final, *i.e.*, October 20, 2003. Thus, Vincent is only entitled to statutory tolling beginning on October 20, 2003, the date his conviction became final. *See Forman v. Artuz*, 211 F. Supp. 2d 415, 424 (S.D.N.Y. 2000) (when state collateral motion is filed prior to conviction becoming final, statutory tolling period begins "as soon as his conviction became final") (adopting Report & Recommendation); *see also Smith v. Unger*, No. 06-CV-6578 NG, 2007 WL 42993, *2 (E.D.N.Y. Jan. 4, 2007) ("Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation.") (citing *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) ( *per curiam*)).

The statute of limitations accordingly was tolled during the pendency of Vincent's C.P.L. § 440.10 motion beginning on October 20, 2003. The C.P.L. § 440.10 motion was denied forty-nine (49) days later on December 8, 2003, by the County Court. However, the C.P.L. § 440.10 motion did not cease to be pending on that date, because petitioner still was entitled to seek discretionary leave to appeal the denial of that motion,[3] and indeed was required to do so in order to exhaust any of the claims raised therein. Under C.P.L. § 450.15, a defendant may appeal the denial of a C.P.L. § 440.10 motion to vacate the judgment "provided that a certificate granting leave to appeal is issued pursuant to [C.P.L. §] 460.15 ." Under C.P.L. § 460.10(4), "[a]n appeal by a defendant to an intermediate appellate court by permission, pursuant to [C.P.L. §] 450.15, is

---

[3] The word "pending" designates the "end point" of the tolling period, *Fernandez v. Artuz*, 402 F.3d at 116, and "an application for state review is 'pending' until it has achieved final review through the state's post-conviction procedures." *Foster v. Phillips*, No. 03 Civ. 3629, 2005 WL 2978686, at *4 (S.D.N.Y. Nov. 7, 2005) (citing *Carey v. Saffold*, 536 U.S. 214, 220 (2002)); *accord*, *e.g.*, *King v. Cunningham*, 442 F. Supp.2d 171, 180 n.15 (S.D.N.Y. 2006).

taken" by applying for a § 460.15 certificate for leave "[w]ithin thirty days after service upon the defendant of a copy of the order sought to be appealed . . . ." N.Y. Crim. Proc. Law § 460.14(a). Petitioner, however, did not seek leave to appeal to the Appellate Division. Thus, petitioner's C.P.L. § 440.10 motion ceased to be pending on January 8, 2004, when the 30-day period for seeking leave to appeal to the Appellate Division expired. *See Hall v. Herbert*, No. 02Civ.2299(LTS)(FM), 02Civ.2300(LTS)(FM), 2004 WL 287115, at *6 (S.D.N.Y. Feb. 11, 2004) ("As noted, Hall's Third § 440.10 Motion is dated September 15, 2000, and he was served with notice of its denial on November 2, 2000. Hall then had thirty days in which to seek leave to appeal. Having failed to file a timely written notice of appeal, Justice Byrne's decision became final, and that motion ceased to be "pending," on December 4, 2000."); *King v. Cunningham*, 442 F. Supp.2d at 180 n.16 ("As King did not seek leave to appeal the denials of his § 440.10 motions, the[ ] tolling periods [under § 2244(d)(2)] ended upon expiration of the thirty day period to seek leave to appeal. *See* N.Y. Crim. Proc. Law § 460.10(4)(a) (providing after "service upon the defendant of a copy of the order sought to be appealed," he/she has thirty days to seek leave to appeal)."). Accordingly, Vincent was required to file his habeas petition by January 8, 2005, in order for it to be timely. However, Vincent's petition, dated November 21, 2006, was filed nearly two years past that date. Therefore, it is untimely.

     **B.**     **Equitable Tolling**

The one-year period set forth in AEDPA for the filing of federal habeas petitions is a statute of limitations, not a jurisdictional bar. *Smith v. McGinnis*, 208 F.3d at 17. Consequently, the period can be equitably tolled if a petitioner is able to show that extraordinary circumstances prevented him from filing his petition earlier and that he acted with reasonable diligence

throughout the period sought to be tolled. *Id.* Vincent has not made either required showing. Indeed, he has entirely failed to address respondent's arguments regarding the untimeliness of his petition. There is no basis for invoking the doctrine of equitable tolling in Vincent's case.

### IV.     Conclusion

Vincent's petition is untimely, and he has not established any reason why the one-year limitations period should be equitably tolled. Therefore, for the foregoing reasons and for those set forth in respondent's motion to dismiss, the Court recommends that Vincent's petition for a writ of habeas corpus be dismissed with prejudice. Furthermore, the Court does not recommend that a certificate of appealability should issue as Vincent has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  October 17, 2007
            Rochester, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: Rochester, New York
       October 17, 2007.